**WAI SHEK KWONG, aka Sherman Kwong aka Wei Shou Kuang, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 05–73522.**

United States Court of Appeals, Ninth Circuit.

Resubmitted Sept. 17, 2009.*

Filed Sept. 17, 2009.

Lesley Irizarry–Hougan, L.I.H. Law, P.S., Seattle, WA, Manuel Rios, III, Rios Cantor, P.S., Seattle, WA, for Petitioner.

R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Richard M. Evans, Esquire, Assistant Director, Patricia Ann Smith, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.

## MEMORANDUM **

Wai Shek Kwong seeks review of the Board of Immigration Appeals' ("BIA") denial of a discretionary waiver of removal, pursuant to former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996). Because Kwong is ineligible for relief under § 212(c), we affirm.

In removal proceedings, different Immigration Judges ("IJs") determined that Kwong, a native and citizen of China, was removable from the United States both as an alien convicted of two "crimes involving moral turpitude" pursuant to INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), and as an alien convicted of an aggravated felony—in this case, kidnapping—pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). The BIA affirmed these determinations, and Kwong filed a special motion, seeking relief under former § 212(c), which the BIA dismissed.[1]

Section 212(a) of the INA sets forth classes of aliens who may be barred entry to the United States, and prior to its repeal, § 212(c) provided a means of securing discretionary relief from exclusion. Section 212(c) stated that:

Aliens lawfully admitted for permanent resident[sic] who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of [INA § 212(a) ].

In its determination to dismiss, the BIA concluded, in line with prior Ninth Circuit precedent, that removable aliens could obtain § 212(c) relief for a ground of deportability only if there was a corresponding ground of excludability under § 212(a) of the INA. *See Komarenko v. INS*, 35 F.3d 432, 434–35 (9th Cir.1994); *Cabasug v. INS*, 847 F.2d 1321, 1325 (9th Cir.1988). Kwong challenges the BIA's determination on the ground that it draws an unconstitutional distinction between the class of aliens whose removable offenses are "substantially identical" to an excludable offense listed in § 212(a) and the class of aliens whose removable offenses have no § 212(a) counterpart, thus violating the Equal Protection Clause. We have jurisdiction under INA § 242, 8 U.S.C. § 1252. *See, e.g., Camins v. Gonzales*, 500 F.3d 872, 876 (9th Cir.2007) (exercising jurisdiction under 8 U.S.C. § 1252(a)(2)(D)).

After the parties filed their briefs in this case, an *en banc* panel reversed prior Ninth Circuit precedent and held that § 212(c) as drafted provides relief only to aliens seeking to enter, and not to aliens

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Supreme Court held that the repeal of § 212 does not apply retroactively to aliens like Kwong who pled guilty to a removable offense prior to the repeal of § 212(c). *INS v. St. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

being removed from, the United States. *Abebe v. Mukasey,* 554 F.3d 1203, 1207 (9th Cir.2009) (en banc). The parties filed supplemental briefing as to the impact of *Abebe* on Kwong's claims.

After considering the parties' arguments, we conclude that because Kwong is challenging an adverse ruling in a removal proceeding, his claims for § 212(c) relief are foreclosed by *Abebe.* Nor is there any disparate treatment, as both the class of aliens with "substantially identical" removable offenses and the class of aliens whose removable offenses have no § 212(a) counterpart are now ineligible for relief under § 212(c).

**PETITION DENIED.**